Daniel W. Chudleigh (State Bar No. 279564)
**CHUDLEIGH LAW P.C.**
410 Broadway St., Ste. 170
Laguna Beach, CA 92651
Telephone: (949) 877-9140
Facsimile: (949) 627-8055
Email: dan@chudleighlaw.com

Attorney for Defendants
TAHQUITZ COURT APARTMENTS
and TAHQUITZ ASSOCIATES, LP

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRA MOYOTL, an individual; and FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY, a California nonprofit corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TAHQUITZ COURT APARTMENTS, an unknown business entity doing business in California; and TAHQUITZ ASSOCIATES, LP,<br><br>    Defendants. | CASE NO: 5:15-cv-02613-SJO-SP<br><br>**DEFENDANTS TAHQUITZ COURT APARTMENTS' AND TAHQUITZ ASSOCIATES, LP'S JOINT ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY BY DEFENDANTS**<br><br>The Hon. S. James Otero<br><br>Trial Date:    None Set |

COMES NOW, Defendants, TAHQUITZ COURT APARTMENTS and TAHQUITZ ASSOCIATES, LP ("Defendant") and submits the following Answer to the Complaint ("Complaint") of plaintiffs, ALEJANDRA MOYOTL and FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY ("Plaintiffs").

## INTRODUCTION

1. In response to paragraph 1 of the Complaint, Defendant denies all allegations therein except those that are expressly admitted as follows: Defendants admit that Plaintiff brought her Complaint under the laws identified in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Defendant responds that the allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

3. Answering Paragraph 3, Defendant admits residency in California. Except as so admitted, Defendant responds that the remaining allegations set forth in Paragraph 3 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant responds that the allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that

basis, denies each and every allegation contained therein.

## PARTIES

5. Deny. In response to Paragraph 5 of the Complaint, Defendants deny that Tahquitz Court Apartments is operating as a business entity. Tahquitz Court Apartments is business name, or DBA, of Tahquitz Associates, LP, which is the owner and manager of the multi-family residential property ("subject property") of more than 5 units, located at 2890 East Tahquitz Canyon Way, Palm Springs, California 92262. With respect to any and all remaining allegations, Defendants lack sufficient information or knowledge to admit or deny the allegations and, on that basis, deny the allegations in Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Defendant Tahquitz Associates, LP is the owner and manager of the subject property. With respect to any and all remaining allegations, Defendants lack sufficient information or knowledge to admit or deny the allegations and, on that basis, deny the allegations in Paragraph 6.

7. Answering Paragraph 7, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

8. Answering Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained herein.

## FACTUAL ALLEGATIONS

9. Defendant denies the allegations in Paragraph 9.

10. Responding to Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

  a. Responding to Paragraph 10(a), Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

  b. Responding to Paragraph 10(b), Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

  c. Responding to Paragraph 10(c), Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

11. Responding to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

12. Responding to Paragraph 12 of the Complaint, the allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent that Paragraph 12 of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

**Discrimination Based on Familial Status**

13. Responding to Paragraph 13 of the Complaint, the allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent that Paragraph 13 of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

1  Responding to Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

14. Responding to Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph. Furthermore, Defendant states that the document referred to therein, which is in writing, speaks for itself and is the best evidence of its content.  Defendant specifically refers to the document referenced in Paragraph 14 and denies each and every allegation inconsistent therewith.

15. Responding to Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

16. Responding to Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

17. Responding to Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

### FHC's Standing

18. Responding to Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

19. Responding to Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

20. Responding to Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

21. Responding to Paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

22. Responding to Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.  The remaining allegations in this Paragraph constitute legal conclusions to which no response is required.

### FHC's Investigation

23. Responding to Paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph. Further, Defendant disputes that FHC conducted outreach and education at the subject property as stated in Paragraph 23.

### INJURY

24. Responding to Paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

25. Responding to Paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph. Further, Defendant disputes that FHC performed 11 additional tests to identify Defendants' pattern or practice of race discrimination, or conducted as stated in Paragraph 25.

26. Responding to Paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and on that ground denies the allegations in this Paragraph.

27. Responding to Paragraph 27 of the Complaint, the allegations in this Paragraph constitute legal conclusions to which no response is required. Furthermore, these allegations characterize portions of Title 42 of the United States Code and section 12927, subsection g of the California Government Code, which speak for themselves and no answer to these allegations is required. To the extent Paragraph 27 of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

28. Responding to Paragraph 28 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 28 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

29. Responding to Paragraph 29 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 29 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

30. Responding to Paragraph 30 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 30 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

# CLAIMS FOR RELIEF

## First Claim – Fair Housing Amendments Act

31.     Responding to Paragraph 31 of the Complaint, Defendant reasserts and incorporates by reference its responses to Paragraphs 1through 30 above, as though fully set forth herein.

32.     Responding to Paragraph 32 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusion that are not subject to admission or denial. Furthermore, these allegations characterize portions of Title 42 of the United States Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 32 of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

    a. Responding to Paragraph 32(a) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusion that are not subject to admission or denial. Furthermore, these allegations characterize portions of Title 42 of the United States Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 32(a) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

    b. Responding to Paragraph 32(b) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusion that are not subject to admission or denial. Furthermore, these allegations characterize portions of Title 42 of the

      United States Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 32(b) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

    c. Responding to Paragraph 32(c) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusion that are not subject to admission or denial. Furthermore, these allegations characterize portions of Title 42 of the United States Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 32(c) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

33. Responding to Paragraph 33 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 33 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

34. Responding to Paragraph 34 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 34 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

### Second Claim – California Fair Employment and Housing Act

35. In response to Paragraph 35 of the Complaint, Defendant reasserts

and incorporates by reference its responses to Paragraphs 1-34 above, as though fully set forth herein.

36. Responding to Paragraph 36 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusions that are not subject to admission or denial. Furthermore, these allegations characterize portions of the California Government Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 36 of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

    a. Responding to Paragraph 36(a) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusions that are not subject to admission or denial. Furthermore, these allegations characterize portions of the California Government Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 36(a) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

    b. Responding to Paragraph 36(b) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusions that are not subject to admission or denial. Furthermore, these allegations characterize portions of the California Government Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 36(b) of the Complaint contains allegations relating to Defendant, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

 c. Responding to Paragraph 36(c) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusions that are not subject to admission or denial. Furthermore, these allegations characterize portions of the California Government Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 36(c) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

 d. Responding to Paragraph 36(d) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments or constitute legal conclusions that are not subject to admission or denial. Furthermore, these allegations characterize portions of the California Government Code, which speaks for itself and no answer to these allegations is required. To the extent Paragraph 36(d) of the Complaint contains allegations relating to Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that ground denies these allegations.

37. Responding to Paragraph 37 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 37 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

38. Responding to Paragraph 38 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 38 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

### Third Claim - Negligence

39. In response to Paragraph 39 of the Complaint, Defendant reasserts and incorporates by reference its responses to Paragraphs 1-38 above, as though fully set forth herein.

40. Responding to Paragraph 40 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 40 of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

41. Responding to Paragraph 41 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial.

  a. Responding to Paragraph 41(a) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 41(a) of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

  b. Responding to Paragraph 41(b) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 41(b) of the Complaint contains any factual allegation requiring a

response, Defendant denies each and every such allegation.

    c. Responding to Paragraph 41(c) of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial. To the extent that Paragraph 41(c) of the Complaint contains any factual allegation requiring a response, Defendant denies each and every such allegation.

42. Responding to Paragraph 42 of the Complaint, Defendant states that the allegations are Plaintiffs' contentions and/or arguments that are not subject to admission or denial.

## PRAYER FOR RELIEF

In answer to the "prayer for relief" section of the Complaint, which seeks entry of judgment for Plaintiffs, Defendant responds that the allegations in these paragraphs constitute requests for relief, to which no response is required. Defendant further denies that Plaintiff is entitled to any relief whatsoever, and requests that this Court deny each and every request for relief contained in the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendant does not thereby allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve the right to amend this answer and assert all such defenses.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint and each claim for relief therein, fails to state a claim upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all of the claims because they have failed to satisfy the requirements of Article III of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' injuries, if any, is the conduct of others and not that of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Cal. Gov't. Code § 12989.1 and 42 U.S.C. § 3613(a)(1).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were caused, in whole or in part, by the negligence or misconduct of other parties for which this Defendant is not legally liable, and any damages suffered by Plaintiffs should be reduced in proportion to the fault of such other parties.

## SIXTH AFFIRMATIVE DEFENSE

All conduct and activities of Defendant alleged in the Complaint conformed to statutes, government regulations and industry standards based on the state of knowledge existing at the times of the acts alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name or join an indispensable party or parties to the present action.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff were made by

Defendant for legitimate, non-discriminatory, non-pretextual reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendant or to avoid harm otherwise.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges, upon such information and belief, that Plaintiffs, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but that Plaintiffs failed, neglected, and refused, and continue to fail and refuse to exercise a reasonable effort to mitigate their alleged damages, thus barring and/or reducing Plaintiffs' recovery herein.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, is barred because Defendant's conduct is justified, privileged, fair, equitable and reasonable means are used by Defendant which do not violate any statute, ordinance or law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed in bringing this claim and said delays have caused prejudice to Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs, by virtue of their own acts and omissions, are estopped from recovering damages from Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action therein, is barred

because Defendant did not violate any constitutional provision, Federal or State statute, regulation, Act, penal code or other substantial public policy of the United States or the State of California.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to set forth facts sufficient to support an award for attorney's fees, extra-contractual damages, or punitive damages, and that accordingly any alleged claims for attorney's fees, extra-contractual damages, or punitive damages are barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The injuries complained of in Plaintiffs' Complaint, if any, were not the result of willful, malicious, oppressive, or deliberate conduct on the part of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay, and the incurrence of needless cost of litigation.

### TWENTIETH AFFIRMATIVE DEFENSE

Any recovery on Plaintiffs' Complaint, or any purported cause of action therein, is barred because the disputed conduct of Defendant was privileged, permissible and/or justified. Any and all conduct of which Plaintiffs complain and which is attributed to Defendant – although liability is denied – was a proper exercise of discretion on the part of Defendant and would have occurred anyway given the circumstances, and was undertaken for a fair and reasonable and valid business necessity or legitimate business purpose, and bona fide occupational qualification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to the doctrine of avoidable consequences, in that Plaintiff failed to complain and/or failed to complain promptly about any alleged retaliation or discrimination.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any harassing, retaliatory or discriminatory behavior.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant took immediate and appropriate efforts to quickly and thoroughly investigate and remedy Plaintiffs' complaints, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy the statutory prerequisites to sue or have failed to exhaust their administrative, contractual and/or statutory remedies and/or otherwise comply with the provisions of the Fair Employment and Housing Act,

Sections 12900, *et seq.*, of the California Government Code.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

For a separate affirmative defense to the Complaint, Defendant alleges that the damages alleged in the Complaint are impermissibly remote and speculative, and, therefore, Plaintiff is barred from recovery of any such damages against Defendant in the within action.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

At all times mentioned herein by Plaintiff, Plaintiff possessed actual or constructive knowledge of the acts complained of and consented to said acts, either implicitly and/or expressly.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that this Court:

1. Declare that Defendant did not violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*, or the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*;

2. Deny Plaintiffs' request to enjoin Defendant;

3. Deny Plaintiffs' request that Defendant engage in comprehensive fair housing training;

4. Deny Plaintiffs' request that Defendant submit to monitoring of its practices and records;

5. Deny Plaintiffs' request for compensatory damages;

6. Deny Plaintiffs' request for punitive damages;

7. Deny Plaintiffs' request for any other damages;

8. Deny Plaintiffs' their attorneys' fees and costs;

9. That Plaintiffs' take nothing as against Defendant by reason of the Complaint or any claim stated therein;

10. That Defendant be awarded their expenses and costs in defense of this action, including an award of attorneys' fees and costs as permitted by law (including 42 U.S.C. § Section 3613(c)); and

11. An award of such other and further relief to Defendant as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand trial by jury as to all issues.

DATED: March 4, 2016                    **CHUDLEIGH LAW P.C.**

                                        By: /s/ Daniel W. Chudleigh
                                            Daniel W. Chudleigh
                                            Attorney for Defendants

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 410 Broadway St., Ste. 170, Laguna Beach, CA 92651.

On March 4, 2016, I served the following document(s) described as **DEFENDANTS TAHQUITZ COURT APARTMENTS' AND TAHQUITZ ASSOCIATES, LP'S JOINT ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY BY DEFENDANTS** on the interested parties in this action as follows:

Margaret A. Elder, Esq.
Chandra Gehri Spencer, Esq.
Elder & Spencer, LLP
17011 Beach Blvd.
Suite 900
Huntington Beach, CA 92647
Tel: (213) 631-8331 / Fax: (888) 422-8027
E-mail: info@elderspencer.com
**Attorneys for Plaintiff, Alejandra Moyotl, and FAIR HOUSING COUNCIL OF RIVERSIDE COUNTY**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 4, 2016, at Orange County, California.

                       **CHUDLEIGH LAW P.C.**

                       By: /s/ Daniel W. Chudleigh
                          Daniel W. Chudleigh
                          Attorney for Defendants